UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFTON ROE, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 7269 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| NANO GAS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Cliffton Roe and Nano Gas Technologies, Inc. entered into a collaboration agreement in March 2013, under which Nano Gas obtained the right to commercialize technology invented by Roe in exchange for granting him a 20% ownership interest in Nano Gas. Doc. 1 at ¶¶ 8-9. The parties' relationship soured, leading to a 2016 arbitration award against Roe for breaching the agreement by absconding with and then misappropriating Nano Gas's intellectual property. Doc. 13-1; *see Nano Gas Techs., Inc. v. Roe*, No. 17 C 2241 (N.D. Ill.) (Coleman, J.), ECF No. 78 (confirming the arbitration award).

In late 2020, Roe brought this two-count suit against Nano Gas. Doc. 1. Count I alleges that Nano Gas breached the parties' agreement by licensing Roe's technology to a subsidiary corporation. *Id*. at ¶¶ 7-16. Count II asserts a claim under 805 ILCS 5/12.56, which provides remedies to shareholders of nonpublic corporations for corporate misconduct. *Id*. at ¶¶ 17-23. Nano Gas moves to dismiss both counts under Civil Rule 12(b)(6). Doc. 13.

As to Count I, Nano Gas argues that Roe fails to state a claim because he does not allege that he substantially performed his contractual obligations, an essential element of a breach-of-contract claim. *Id*. at 4-6; *see Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015)

1

("The elements of a claim for breach of contract are (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff.") (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. 2004)); *see also* Doc. 1-1 at ¶ 17 (choosing Illinois law to govern the parties' agreement). And for that matter, adds Nano Gas, Roe *cannot* (and can *never*) satisfy that element of his claim because the arbitrator's finding that he breached the agreement collaterally estops him from ever asserting that he has substantially performed his end of the contract. Doc. 13 at 5-6.

The court agrees that Roe has failed to allege his own substantial performance, and therefore dismisses Count I. Roe argues that the complaint adequately pleads his performance because it alleges that he gave his technology to Nano Gas, as the agreement required. Doc. 17 at 5 (citing Doc. 1 at ¶ 8). But the agreement required not only that, but also that Roe continue to collaborate with Nano Gas in commercializing the technology. Doc. 1-1 at ¶ 2. The complaint is silent as to Roe's performance on that front, and the arbitrator's ruling suggests that his performance cannot be taken for granted as a "reasonable inference in [his] favor." Doc. 17 at 5. Count I, accordingly, is dismissed without prejudice. If Roe files an amended complaint attempting to allege that he substantially performed his contractual obligations, the court at that point will address Nano Gas's argument that once a party has been found to have breached a contract, it is thereafter forever barred from suing its counterparty for breach.

As to Count II, Nano Gas argues that Roe may not bring a shareholder claim because he is no longer a Nano Gas shareholder. Doc. 13 at 6-8. In support, Nano Gas cites Judge Coleman's December 2020 order requiring Roe to turn over his Nano Gas stock to satisfy the confirmed arbitral award. *Nano Gas*, ECF No. 119. Nano Gas argues that even though Roe has

yet to comply with that turnover order, he is no longer a shareholder for purposes of 805 ILCS 5/12.56, and that the statute does not provide a cause of action for former shareholders. Doc. 13 at 6-7; *see* 805 ILCS 5/12.56(a) (referring to "an action *by a shareholder* in a nonpublic corporation) (emphasis added).

Roe does not contest the latter point, but argues that, at least "[p]ending Judge Coleman's decision" on his motion for reconsideration of the turnover order, he is still a "current shareholder of Nano Gas" and "will likely remain so in the foreseeable future." Doc. 17 at 8; *see Nano Gas*, ECF No. 120 (motion for reconsideration). The merit of Roe's argument is beside the point, as Judge Coleman has since denied his reconsideration motion. *Nano Gas*, ECF No. 132. Roe is thus no longer a Nano Gas shareholder, even according to his own risible argument that he maintains his ability to sue as a shareholder—to seek equitable relief, no less—so long as he fails to comply with a valid court order to turn over his stock. And because he does not dispute the rather elemental proposition that former shareholders cannot bring claims under the Illinois statute, Count II is dismissed. *See G & S Holdings v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted).

The complaint's dismissal is without prejudice to Roe filing an amended complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend … ."). Roe has until June 1,

2021 to file an amended complaint. If he does not do so, the dismissal will convert automatically to a dismissal with prejudice, and judgment will be entered.

May 12, 2021

_____
United States District Judge